**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3641-15T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

PAUL RODGERS, a/k/a
ROLANDO BETANCOURT,[1]

    Defendant-Appellant.

_____

        Submitted October 11, 2017 — Decided November 20, 2017

        Before Judges Yannotti and Carroll.

        On appeal from Superior Court of New Jersey,
        Law Division, Hudson County, Indictment No.
        07-08-1322.

        Paul Rodgers, appellant pro se.

        Esther Suarez, Hudson County Prosecutor,
        attorney for respondent (Stephanie Davis
        Elson, Assistant Prosecutor, on the brief).

---

[1] We note that this matter was initially captioned State of New
Jersey v. Rolando Betancourt a/k/a Paul Rodgers. We have changed
the caption to conform with the indictment, judgment of conviction,
and previous opinions in this matter.

PER CURIAM

Defendant appeals from an order entered by the Law Division on March 16, 2016, which denied his third petition for post-conviction relief (PCR). We affirm.

I.

Defendant was charged with third-degree aggravated assault, N.J.S.A. 2C:12-1(b)(5)(a) (count one); second-degree disarming a law enforcement officer, N.J.S.A. 2C:12-11(a) (count two); and second-degree attempted escape, N.J.S.A. 2C:29-5(a) (count three). Defendant was tried before a jury.

At the trial, the State presented evidence which established that on June 5, 2007, officers from the Hudson County Sheriff's Office brought defendant to the County Administration Building for a court appearance on an unrelated criminal charge. He was held in a receiving area and placed in restraints.

At some point, a sheriff's officer escorted defendant from the receiving area to a cell and then to the ninth floor where Officer Michael Diaferia was waiting to bring defendant to a courtroom. When defendant arrived on the ninth floor and exited the elevator, he began to shout and curse. Officer Diaferia noted that the handcuff on defendant's left hand appeared to be defaced.

The officer obtained a replacement pair of handcuffs and approached defendant. As he did so, defendant's handcuff fell

apart and hit the ground. At that point, defendant grabbed the officer's weapon. The officer engaged in a struggle with defendant, during which time defendant and the officer fell to the ground. Other officers arrived and defendant was secured. Officer Diaferia and defendant suffered physical injuries that required medical treatment.

Defendant testified, however, that when he arrived on the ninth floor, several officers were there. While the officers were discussing what to do with defendant, defendant sat down in an area he referred to as the "bullpen." Defendant asserted that Officer Diaferia confronted him. He stated that matters escalated and the officer "roughed" him up. According to defendant, a physical scuffle ensued. The officer hit his head on the corner of the furniture, but then stood up and injured defendant's foot.

Defendant was found not guilty of disarming the officer, but guilty of aggravated assault on the officer and attempted escape. At sentencing, the judge found that defendant was eligible for sentencing to an extended term as a persistent offender, pursuant to N.J.S.A. 2C:44-3(a).

The judge sentenced defendant to an extended term of twenty years of incarceration, with ten years of parole ineligibility, for the attempted escape, and required that the sentence be served consecutive to a forty-year prison term defendant was then serving.

On the conviction for aggravated assault, the judge imposed a ten-year prison term, with five years of parole ineligibility, to run concurrently with the twenty-year prison term for attempted escape.

Defendant appealed from the judgment of conviction dated March 25, 2008, and raised the following arguments:

POINT I
THE TRIAL COURT'S CONFUSING JURY INSTRUCTIONS ON THE CHARGE OF ATTEMPTED ESCAPE ALLOWED THE JURORS TO CONVICT [DEFENDANT] IF THEY FOUND HE ACTED WITH LESS THAN THE PURPOSEFUL, CULPABILITY REQUIRED. U.S. CONST., Amends. V, XIV; N.J. Const. (1949) Art. I, ¶ 1. (Not raised below).

A. The trial court's jury charge on attempted escape was fatally flawed because it failed to include a critical portion of the Model Jury Charge on that offense.

B. When, during deliberations, the jurors asked for an explanation of attempted escape, the trial court failed again to give the portion of the Model Charge that clarifies the need to find a purposeful mental state for this offense, even though an actual "escape" requires only a "knowing" state of mind.

POINT II
THE [TWENTY]-YEAR EXTENDED PRISON TERM, [TEN] YEARS WITHOUT PAROLE, WHICH THE TRIAL COURT IMPOSED ON THE CONVICTION OF [SECOND] DEGREE ATTEMPTED ESCAPE WAS EXCESSIVE.

In an unpublished opinion, we affirmed defendant's conviction but remanded the matter to the trial court for re-sentencing. State v. Rodgers, No. A-5373-07 (App. Div. Aug. 7, 2009) (slip op.

at 15). The Supreme Court later denied defendant's petition for certification. State v. Rodgers, 209 N.J. 430 (2012).

In March 2012, defendant filed a pro se petition for PCR, alleging ineffective assistance of trial and appellate counsel. The court appointed counsel to represent defendant, and counsel filed an amended PCR petition. In the amended petition, defendant alleged that trial counsel erred by failing to object to the court's jury instruction on attempted escape; and appellate counsel was ineffective because counsel failed to raise the charge issue on appeal. Defendant also claimed his trial attorney was ineffective because counsel did not consult with him or investigate the case adequately. Defendant sought an evidentiary hearing on his petition.

On March 11, 2013, the PCR court considered the petition and placed an oral decision on the record. The court found that Rule 3:22-5 barred defendant's claim regarding the jury instruction because that issue had been raised and resolved against defendant in his direct appeal. The court also found that defendant's claim that counsel failed to investigate the case adequately failed because defendant had not presented any facts showing what such an investigation would have revealed, the witnesses who would have been identified, "or how their testimony may have affected the outcome of the case[.]" The court entered an order dated March 11,

2013, denying the petition without an evidentiary hearing. Defendant appealed from the court's order.

In that appeal, defendant's counsel raised the following arguments:

> POINT I
> THE DEFENDANT RECEIVED INEFFECTIVE ASSISTANCE OF PCR COUNSEL, WHO FAILED TO PROVIDE SUBSTANTIATION OF DEFENDANT'S CLAIM OF INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL, RESULTING IN DISMISSAL OF THE PETITION WITHOUT AN EVIDENTIARY HEARING.
>
> POINT II
> THE PCR COURT ERRED IN DISMISSING THE PETITION BECAUSE DEFENDANT DEMONSTRATED THAT HIS TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO OBJECT TO THE JURY CHARGE CONCERNING ATTEMPT.

Defendant also filed a supplemental pro se brief, in which he argued:

> POINT I:
> THE PCR COURT['s] DENIAL OF THE PETITION WITHOUT AN EVIDENTIARY HEARING, REQUIRES [DE NOVO] REVIEW. NO WRITTEN OPINION, DISCLOSING THE FINDINGS OF FACTS AND CONCLUSIONS OF LAW WAS []EVER FILED BY THE JUDGE IN THIS COURT; AND THAT NO ANSWERING BRIEF FROM THE RESPONDENT WAS FILED IN THE PROCEEDING HELD IN THE PCR COURT NOR BEFORE THIS COURT WAS EVER FILED, RENDERS THIS APPEAL TO BE UNOPPOSED [SIC] (Not Raised Below).
>
> A. PCR Court Improperly [D]enied the [H]olding of Evidentiary Hearing, a De Novo Review [I]s Required [Sic].
>
> POINT II:
> TRIAL COUNSEL FAILED TO DO ANY INVESTIGATION PRIOR TO TRIAL AND AS A RESULT FAILED TO CALL

6

FAVORABLE WITNESSES, CAUSING INEFFECTIVE ASSISANCE OF COUNSEL BY FAILING TO PURSUE [AN] ALIBI DEFEN[S]E, AND [BY] FAILING TO PROVIDE ADEQUATE ASSISTANCE (Partially raised below).

POINT III:
THE CASE MUST BE REVERSED AND REMANDED TO THE TRIAL COURT VACATING ALL SENTENCES FOR AN ENTRY OF A JUDGMENT OF ACQUITTAL [SIC]. MOREOVER THE COURT FAILED TO CONSIDER ANY OF THE SENTENCING FACTORS APPLICABLE TO THE DEFENDANT BASED ON HIS PRIOR CRIMINAL RECORD OF CONVICTIONS. THUS RENDERING DEFENDANT'S SENTENCE ILLEGAL (Not raised below).

A. <u>De Novo Review [S]ought to [R]esolve the Illegal Sentence [Sic]</u>.

B. <u>Aggravating Factor [D]id [N]ot Apply [a]nd "the [C]ourt" [D]id [N]ot [O]btain the Consent of Defendant [Sic]</u>.

C. <u>Imposition of No Early Release Act [I]s Illegal [Sic]</u>.

POINT IV:
THE PCR COURT ERRED IN DENYING DEFENDANT'S PETITION, BECAUSE DEFENDANT DEMONSTRATED A [PRIMA FACIE] SHOWING OF INEFFECTIVE ASSISTANCE OF COUNSEL, BY ALL CLAIMS MADE, INCLUDING HIS FAILURE TO OBJECT CONCERNING THE JURY CHARGE GIVEN ON ATTEMPTED ESCAPE, HAVING BEEN CONVICTED [OF] ESCAPE [SIC]. (Partially raised below).

While the appeal was pending, on September 26, 2013, defendant filed another pro se PCR petition. The PCR court entered an order dated February 10, 2014, denying the petition. In a letter issued with the order, the court stated that the petition was procedurally barred. On February 24, 2014, defendant filed a motion for

reconsideration of the court's order. On April 24, 2014, the court denied the motion.

In a letter to the court dated May 2, 2014, defendant stated that the court's order was void ab initio and should be rescinded. The PCR court responded in a letter dated August 1, 2014, stating that since defendant's appeal from the denial of his first PCR petition was pending, the court rules required that the second petition be dismissed without prejudice. See R. 3:22-6A(2).

Thereafter, in an unpublished opinion, we affirmed the denial of defendant's first PCR petition. State v. Rodgers, No. A-1010-13 (App. Div. June 5, 2015) (slip op. at 10). The Supreme Court subsequently denied defendant's petition for certification. State v. Rodgers, 223 N.J. 404 (2015).

## II.

On January 5, 2016, defendant filed another pro se PCR petition. In his affidavit submitted in support of the petition, defendant asserted that he was denied the effective assistance of PCR counsel because he allegedly had instructed PCR counsel to assert that trial counsel was ineffective because counsel: failed to introduce exculpatory evidence in the form of medical records regarding his injuries and those sustained by Officer Diaferia; did not submit photos of defendant's injuries to the jury; failed to seek an adjournment to prepare for trial properly; did not

object to the admission of a DVD or seek to view the DVD before it was shown to the jury; and failed to investigate the matter to find witnesses who could support defendant's claim of excessive force and the injuries he suffered.

He further alleged that he told PCR counsel to argue that his trial attorney was ineffective because counsel: accepted the State's version of the facts; failed to provide defendant with discovery in a timely manner and communicate with him regarding discovery; claimed fraudulently that he disclosed discovery to defendant in three different court appearances; did not seek an adjournment to prepare defendant for his trial testimony; consented to the placement of "special detail officers" behind defendant's chair during the trial; and ignored his plea to press criminal charges against Officer Diaferia.

In addition, defendant claimed he instructed PCR counsel to assert that his trial attorney was ineffective because counsel: failed to request certain jury instructions; told him he would not investigate the case and would prepare for trial at his own leisure; did not object to the court's response to the jury's question regarding the instruction on "attempted escape;" and failed to seek an instruction on the lesser-included offense of third-degree attempted escape.

A-3641-15T4

Defendant further alleged that he had instructed PCR counsel to assert that: the trial court committed plain error by failing to grant adequate time for defendant to discuss the discovery with counsel and prepare "a factual strategy;" and he was prejudiced because the State used the alias Paul Rodgers, did not formally arrest him, fingerprint him, take his "mug shot," or present him with the charges in this matter. He also claimed that appellate counsel was ineffective because counsel never contacted him until after counsel filed defendant's direct appeal, failed to instruct him regarding his rights as a self-represented litigant, and did not discuss "pertinent issues" with him prior to filing the appeal.

The PCR court issued a letter opinion dated March 16, 2016, in which the court stated that defendant's petition was procedurally barred by Rule 3:22-4(b) and Rule 3:22-12(2)(c). The court added that even if it ignored the procedural time-bar, "the result would be the same." The court wrote that the issues raised had either been previously litigated and resolved either on the direct appeal or in the first PCR petition. The court also stated that the final judgments rendered in the earlier proceedings precluded defendant from re-litigating the issues raised and decided in those proceedings. The court entered an order dated March 16, 2016, denying the petition. This appeal followed.

On appeal, defendant raises the following arguments: (1) he is not barred from filing what he claims is his second PCR petition; (2) the court erred by failing to grant an evidentiary hearing; (3) he is not procedurally barred from filing his second PCR petition under Rules 3:22-4 or 3:22-12; (4) the court erred by treating the matter as a third PCR petition, and failed to review the petition for assignment of counsel pursuant to Rule 3:22-6(b); (5) the court should have conducted an evidentiary hearing because he presented sufficient evidence to establish a prima facie case; (6) he was denied the right to due process and a fair trial because the State's prosecutor failed to investigate for exculpatory evidence and did not submit medical reports; and (7) he was denied the effective assistance of counsel because his trial attorney and PCR counsel did not investigate and produce medical reports, witnesses, and videotaped evidence.

Having thoroughly reviewed the record in light of the applicable legal principles, we are convinced that defendant's arguments lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2). However, we add the following comments.

Rule 3:22-4(b) provides that a second or subsequent PCR petition must be dismissed unless

> (1) it is timely under [Rule] 3:22—12(a)(2); and

(2) it alleges on its face either:

(A) that the petition relies on a new rule of constitutional law, made retroactive to defendant's petition by the United States Supreme Court or the Supreme Court of New Jersey, that was unavailable during the pendency of any prior proceedings; or

(B) that the factual predicate for the relief sought could not have been discovered earlier through the exercise of reasonable diligence, and the facts underlying the ground for relief, if proven and viewed in light of the evidence as a whole, would raise a reasonable probability that the relief sought would be granted; or

(C) that the petition alleges a prima facie case of ineffective assistance of counsel that represented the defendant on the first or subsequent application for post-conviction relief.

Here, defendant argues that his petition is not barred because he is asserting ineffective assistance on the part of PCR counsel. As we noted previously, in his latest petition, defendant claims that his PCR counsel failed to follow his instructions and raise claims of ineffective assistance of counsel by his trial counsel.

Defendant alleges he instructed PCR counsel to assert that trial counsel was deficient for various reasons, including counsel's alleged failure to: introduce certain evidence regarding his injuries and those sustained by Officer Diaferia; seek a postponement of the trial so that counsel could prepare; object to the introduction of certain evidence; object to the presence

12

of security officers in the courtroom; investigate the matter properly; produce certain witnesses who would have supported defendant's version of the incident; provide discovery to defendant in a timely manner and consult with him regarding the discovery; and seek certain jury instructions or object to the court's instruction on "attempted escape."

Claims of ineffective assistance of counsel are considered under the two-part test enunciated in Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674, 693 (1984), and adopted by our Supreme Court in State v. Fritz, 105 N.J. 42, 58 (1987). The Strickland test requires a defendant to show that the performance of his attorney was deficient, and counsel's deficient performance prejudiced the defense. Strickland, supra, 466 U.S. at 687, 104 S. Ct. at 2064, 80 L. Ed. 2d at 693.

To meet the first part of the Strickland test, a defendant must establish that his attorney "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Ibid. The defendant must rebut the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" Id. at 689, 104 S. Ct. at 2065, 80 L. Ed. 2d at 694.

Moreover, to satisfy the second part of the <u>Strickland</u> test, the defendant must show "that counsel's errors were so serious as to deprive defendant of a fair trial, a trial whose result is reliable." <u>Id.</u> at 687, 104 <u>S. Ct.</u> at 2064, 80 <u>L. Ed.</u> 2d at 693. The defendant must establish that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Id.</u> at 694, 104 <u>S. Ct.</u> at 2068, 80 <u>L. Ed.</u> 2d at 698.

We are convinced that even if PCR counsel had followed defendant's instructions and raised the claims of ineffective assistance of trial counsel, defendant has not shown that the result of his first PCR petition would have been different. Notwithstanding defendant's arguments to the contrary, defendant failed to show that PCR counsel erred by failing to raise these claims.

Defendant presented the PCR court with medical records of his injuries, dated July 30, 2007, and October 1, 2007. He claimed these records were exculpatory and his attorney erred by failing to present them at trial. The records indicate that at some point defendant's right ankle was fractured. However, even if these records had been admitted at trial, they would not have absolved defendant of aggravated assault or attempted escape.

Furthermore, defendant claimed a video showed a witness to the incident who was not called to testify at trial. There is, however, no indication the witness would have provided testimony that supported defendant's version of the incident. Thus, there is no merit to defendant's claim that he was denied the effective assistance of counsel because his trial attorney failed to investigate the matter, present exculpatory evidence, and produce favorable witnesses.

Defendant's other claims of ineffective assistance of trial counsel also fail to meet the Strickland test. Even if we assume that counsel should have taken the actions defendant claims should have been taken, defendant has not established a reasonable probability the result of the trial court proceedings would have been different.

Thus, assuming defendant's latest PCR petition was timely under Rule 3:22-12(a)(2), he has not presented a prima facie claim of ineffective assistance of PCR counsel. He has not shown that PCR counsel erred by failing to raise claims of ineffective assistance of counsel on the part of defendant's trial attorney, or that the result of the first PCR proceeding would have been different if those claims had been raised.

Therefore, the PCR court correctly found that defendant's latest PCR petition was barred by <u>Rule</u> 3:22-4(b). Accordingly, we affirm the order denying PCR.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3641-15T4